COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-283-CV
 
IN THE INTEREST OF
N.T.H.
 
------------
FROM THE 324
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
This is a restricted appeal from a default judgment establishing the
parent-child relationship. See Tex. R. App. P. 30. After appellant
filed his notice of appeal, the court master that tried the case notified this
court by letter that janitorial staff had removed a box containing the
audiocassette recording of the paternity proceeding and had presumably thrown it
in the trash. Accordingly, appellant requested a new trial due to the missing
reporter's record. See Tex. R. App. P. 34.6(f). We abated the case and
remanded it to the trial court for findings under rule 34.6(f). Id. The
case has been reinstated, and we now consider whether appellant is entitled to a
new trial.
Rule 34.6(f) provides that an appellant is
entitled to a new trial in the following circumstances:

        
 (1) if the appellant has timely requested a reporter's record;
        
 (2) if, without the appellant's fault, a significant exhibit or a significant
 portion of the court reporter's notes and records has been lost or destroyed
 or--if the proceedings were electronically recorded--a significant portion of
 the recording has been lost or destroyed or is inaudible;
        
 (3) if the lost, destroyed, or inaudible portion of the reporter's record, or
 the lost or destroyed exhibit, is necessary to the appeal's resolution; and
         (4)
 if the lost, destroyed or inaudible portion of the reporter's record cannot be
 replaced by agreement of the parties, or the lost or destroyed exhibit cannot
 be replaced either by agreement of the parties or with a copy determined by
 the trial court to accurately duplicate with reasonable certainty the original
 exhibit.

Id.
       
Having previously determined that the first three requirements of rule 34.6(f)
have been satisfied, and having received a supplemental reporter's record of the
abatement proceeding in which the trial court found that the parties could not
agree on a replacement record, we hold that appellant is entitled to a new
trial. See id. Accordingly, we reverse the judgment of the trial court
and remand the case for a new trial.(2)
 
                                                                       
PER CURIAM
 
PANEL M: LIVINGSTON, DAUPHINOT, and
HOLMAN, JJ.
DELIVERED: JUNE 5, 2003

1. See Tex. R. App. P. 47.4.
2. Because this portion of appellant's first issue is
dispositive, we do not address the remainder of his first issue or his second
issue. See Tex. R. App. P. 47.1.